802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joan M. TITUS, Individually and as Widow of Charles Rex
Titus, Deceased, Plaintiff-Appellant,
v.
UNITED STATES of America, the Department of the Navy, and
the Department of the Air Force, Defendants-Appellees.
 No. 85-5191.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1986.
 ORDER
 
 1
 Before MERRITT and GUY, Circuit Judges, and BALLANTINE, District Judge.*
 
 
 2
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's judgment dismissing her action seeking damages for her husband's injuries and death. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the parties' briefs and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff's husband died while an active duty serviceman in the armed services, awaiting an aortic valve replacement by the armed services medical personnel for his heart congestive condition. Plaintiff filed an action against the United States Departments of the Air Force and Navy seeking damages under the Federal Torts Claims Act, 28 U.S.C.A. Secs. 1346(b)(3), 2671 et seq.; 42 U.S.C. Sec. 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. She alleges that her husband's injuries and death were caused by the negligent treatment and attention given her husband's condition by the United States Armed Services medical personnel. The district court, upon defendant's motion, dismissed the action holding that plaintiff's complaint failed to state a claim upon which relief could be granted. Plaintiff appealed to this Court.
 
 
 4
 Upon consideration, this Court finds that the district court's decision must be affirmed. Plaintiff's husband, at the time of the alleged injuries and at the time of his death, was an active-duty serviceman. The alleged injuries occurred on a military base, at a military hospital and while plaintiff's husband was subject to, and receiving, medical treatment. The Government's sovereign immunity is not completely waived under the Federal Torts Claims Act. 28 U.S.C.A. Secs. 1346(b) (3), 2671 et seq. Accordingly, the United States is not liable under the Federal Torts Claims Act for injuries or death of a serviceman, on active duty, where the injuries or death arise out of or in the course of activity incident to serve and were caused due to negligence of Government agents. Feres v. United States, 340 U.S. 135 (1950); Woodside v. United States, 606 F.2d 134 (6th Cir.1979). As a general rule, an injury to an active duty service member on a military base or while receiving treatment at a military hospital or medical facility is deemed to be incident to military service. Feres, supra; Woodside, supra. Plaintiff's claim is not cognizable under the Federal Tort Claims Act. Moreover, the action is barred by the doctrine of sovereign immunity insofar as it attempts to state a constitutional claim. Laswell v. Brown, 683 F.2d 261 (8th Cir.), cert. denied, sub nom. Laswell v. Weinberger, 459 U.S. 1210 (1982); Jaffee v. United States, 592 F.2d 712 (3d Cir.), cert. denied, 441 U.S. 961 (1979).
 
 
 5
 It is ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d) (3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, U.S. District Judge for the Western District of Kentucky, sitting by designation